**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ROBERT FAIRHOLT, Defendant**

High Court of American Samoa
Trial Division

CR No. 4-95

May 9, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Brian M. Thompson

Order Denying Motions for Continuance and Severance:

## PROCEDURAL HISTORY

On March 6, 1995, plaintiff American Samoa Government ("ASG") filed an information charging Samoa Alefosio, Raymond Schwenke, Asuele Tiumalu, and Robert Fairholt ("Fairholt") each with one count of assault

in the first degree[1] in connection with the beating of Taga`imamao Masaniai ("Masaniai") on or about February 26, 1995. At the arraignment on March 7, 1995, Fairholt and his co-defendants, each represented by counsel, pleaded not guilty and requested a jury trial. Trial by jury was set on May 16, 1995.

On April 28, 1995, and May 3, 1995, respectively, Fairholt filed a motion for continuance of his trial and a motion for severance pursuant to T.C.R.Cr.P. 14. On May 4, 1995, ASG filed its opposition to Fairholt's motions. That same day, the motion for continuance and the motion for severance came regularly for hearing and all parties were represented by counsel.

## DISCUSSION

### I. Motion for Continuance

Fairholt requests this court to continue the trial date for 90 days for two reasons. First, Fairholt initially claimed that Masaniai is currently off-island and a continuance is necessary in order to obtain his statement. This is now factually incorrect. As ASG points out, Masaniai has returned to American Samoa and may be contacted by Fairholt at any time prior to trial. Moreover, Masaniai's present inability to offer much information, due to his current medical condition and unconscious and intoxicated state on the night of the incident, further diminishes the importance of this issue.

Second, Fairholt argued for a continuance in order to carry forward the services being rendered by his part-time investigator. This reason is not compelling. Fairholt has failed to point out to the court any specific leads he is currently following that would require additional time. Without this information, we cannot find that his request for additional time is meritorious. If this court granted a motion for continuance every time a defendant simply alleged an ongoing investigation, without offering a sound basis, defendants would be able to postpone trials indefinitely.

In the interest of judicial economy, we place the burden on defendants to give the court sufficient reason to continue trial. Fairholt has failed to meet this burden, and we therefore deny his motion.

---

[1] A.S.C.A. § 46.3520(a) states in part that a person commits the crime of assault in the first degree, a class B felony, if "he knowingly or purposely causes serious physical injury to another person."

## II.   Motion for Severance

■ Fairholt requested this court to sever his trial from that of the three co-defendants.  T.C.R.Cr.P. 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants in a complaint or an information or by such joinder for trial together, the court may . . . grant severance of defendants or provide whatever other relief justice requires.

According to the foregoing language, we should grant severance of defendants "only if there is a serious risk that a joint trial would compromise a specific trial right to one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534 (1993) (construing F.R.Cr.P. 14, which essentially mirrors T.C.R.Cr.P. 14).

■ The first ground Fairholt offered in support of severing his case from that of the co-defendants is the likelihood that joint defendants will raise antagonistic defenses.  Fairholt plans to argue at trial that he attempted to protect the victim from the attack of the co-defendants.  Fairholt submitted that mutually exclusive defenses exist when acquittal of one co-defendant necessarily calls for the conviction of others.  *United States v. Tootick*, 925 F.2d 1078, 1081 (9th Cir. 1991) (*citing United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988)).  In applying this standard, Fairholt's anticipated testimony that he did not physically attack Masaniai and attempted to prevent the fight, neither automatically compels the conviction of any of the co-defendants nor deprives them of their defenses.  Furthermore, we do not interpret Rule 14 to give Fairholt the standing to raise this argument on behalf of his co-defendants.  If Fairholt's testimony might prejudice them, it is their decision whether or not to move for a severance.  Additionally, in the co-defendants' statements given to the police, at least one of them admits to striking the victim, tending to corroborate Fairholt's anticipated testimony.  Accordingly, we do not find a serious risk of antagonistic defenses at trial.

■ Fairholt further argued for a severance of his case due to the varying degrees of culpability of the co-defendants.  Fairholt claims that he will be prejudiced if tried with more culpable defendants.  The most important consideration in assessing such prejudice is whether the court can reasonably expect a jury to differentiate between the evidence against each defendant.  *United States v. Sherlock*, 962 F.2d 1349, 1360 (9th Cir.

1989).  We expect the jury in this case to easily differentiate between the evidence against Fairholt versus the other evidence in the case.  This case consists of only one victim, one count, and all the relevant facts occurred out of the same sequence of events at a single location.

The United States Supreme Court has recognized a "pragmatic" rule that "juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 299 (1987).  In light of the simplicity of the circumstances in the present case, we hold that any potential problems with joinder of defendants in this case would be better cured with a jury instruction than with outright severance.

▮  Finally, Fairholt contended that he needs a separate trial in order to subpoena his co-defendants to elicit exculpatory evidence.  In a joint trial, co-defendants have the right to refuse to testify based on their privilege against self-incrimination.  REV. CONST. AM. SAMOA, Art. I, § 6; U.S. CONST. Amend. V.  We find that the co-defendants' written statements to the police describing their version of the incident is sufficient to satisfy Fairholt's interest in the co-defendants' testimony.

### ORDER

For the above reasons, we hereby deny Fairholt's motion for continuance and motion for severance.

It is so ordered.